## L. F. ROBERTS *v.* GEORGE ALEXANDER.

SUPREME COURT PRACTICE. *Will not reverse.* *When.* The supreme court will not reverse for a failure of the judge to instruct the jury as to the legal effect of a paper submitted to them as evidence, if the finding evinces a correct construction by the jury.

### FROM SEVIER.

Appeal in error from the Circuit Court of Sevier county.  J. G. ROSE, J.

G. W. PICKLE and JEROME TEMPLETON for Roberts.

FOWLER and CALDWELL for Alexander.

TURNEY, J., delivered the opinion of the court.

By sec. 4633 of the Code it is enacted: "If any person, either verbally or by written or printed communication, maliciously threaten to accuse another of a crime or offense, or to do any injury to the person or property of another, with intent thereby to extort any money, property or pecuniary advantage whatever, or to compel the person so threatened to do any act against his will, he shall, on conviction, be punished by imprisonment in the penitentiary not less than two nor more than ten years."

The defendant found posted on a tree near his residence the following paper:

Roberts *v.* Alexander.

"No G. Alexander clear the way goot out this is to let you no that you cant stay heer more then 3 or 4 years at most revenge is mine and it will come I want old man hulfacre to git away I wont harm him and I will make ashes to improve the land You wont to take the munny out of another letter I recon you think tha is no body but you to liv and wont giv no chance to others for you are so mean you wont only steal but starv your work hands if you want to no who i am I am sandy complected and weigh 100.77 and mind when you run up on me and hav your box with you you gorg have ground down long anuff for a dambd rebel I node you in time of the war and you was a dambd raskel then I giv this time to you then.

"The person that puts this down will fare only midlen."

The defendant was a postmaster. Huffacre lived in a house belonging to the defendant. To several persons the defendant accused the plaintiff of writing and putting up the paper copied above. The plaintiff instituted this action of slander, and seeks a recovery, upon the assumption that he has been accused of the felony defined in the statute cited and copied. There was verdict and judgment for $500.

The charge of the court is not excepted to further than it is insisted his Honor erred "in declining to declare the legal effect of the paper to the jury, and instruct them as to the proper and legal construction of said paper."

The exception is not well taken. 1st. Because no

request was made to the court.    2d.   We have several times declared this court will not reverse for the failure of the court to interpret an instrument to the jury, if the finding evidences a correct construction by the jury.    So that, if the paper before us were one which, ordinarily, it would be the duty of the court to construe, but which we do not decide to be such, the rule indicated cures error in the omission of the circuit judge.

We think the paper constitutes the offense contemplated by the statute.    It shows a purpose to compel the person to whom it is addressed to leave his home. It contains a threat to accuse him of opening a letter and taking money therefrom, as well as a threat to destroy property by fire.    The jury properly so understood it, and the judgment must be affirmed.